IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01315-BNB

RANDY KAY McARTHUR,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp–Florence,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 27 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE SECOND PRELIMINARY RESPONSE

---

Applicant Randy Kay McArthur is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. McArthur initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on June 9, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On June 29, 2009, Respondent filed a Preliminary Response to Petition for Writ of Habeas Corpus.

Mr. McArthur first claims that prison officials at the Florence Prison Camp categorically are denying the review and transfer of eligible inmates to a Community Corrections Center (CCC) in violation of 18 U.S.C. § 3621(b). According to Mr. McArthur, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. Mr. McArthur alleges that he has sought and been denied consideration for a transfer to a CCC.

Mr. McArthur also claims that prison officials at the Florence Prison Camp categorically are denying eligible pre-release inmates more than six months in a Residential Re-entry Center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. McArthur describes a "pre-release inmate" as an inmate with twelve months or less of his sentence remaining to be served. Mr. McArthur contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months.

Although Respondent argues that this action should be dismissed for failure to exhaust administrative remedies, Respondent fails to properly address the affirmative defense of exhaustion. Respondent simply states that Mr. McArthur concedes he has not exhausted his administrative remedies. (Prelim Resp. at 3.) Although Respondent states that the BOP does not categorically deny an inmate placement in an RRC, he fails to address how Respondent has specifically dealt with Mr. McArthur's requests for placement in a CCC or an RRC. Also, although Respondent contends that a transfer request occurs during an inmate's regularly scheduled program review, he fails to state when or if Mr. McArthur has been or will be scheduled for such a review. The Court further notes that Respondent fails to address Mr. McArthur's 18 U.S.C. § 3624 issue.

Respondent's Preliminary Response is less than thorough. Respondent will be directed to file a Second Preliminary Response and address with specificity the affirmative defense of exhaustion of Mr. McArthur's administrative remedies as it pertains to the issues he has raised in the instant action. Accordingly, it is

ORDERED that Respondent file within ten days of the date of this Order a Second Preliminary Response that addresses with the necessary detail the affirmative defense of exhaustion of administrative remedies. It is

FURTHER ORDERED that within twenty days from the date of the filing of the Second Preliminary Response Mr. McArthur may file a Reply, if he desires.

DATED at Denver, Colorado, this 27th day of July, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01315-BNB

Randy Kay McArthur
Reg. No. 11568-081
FPC – Florence
PO Box 5000
Florence, CO 81226

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/27/09

               GREGORY C. LANGHAM, CLERK

            By: _____
                  Deputy Clerk