IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01315-BNB

RANDY KAY McARTHUR,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp–Florence,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2009

GREGORY C. LANGHAM
                         CLERK

ORDER OF DISMISSAL

Applicant Randy Kay McArthur is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp (FPC) in Florence, Colorado. Mr. McArthur initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On June 9, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On June 29, 2009, Respondent filed a Preliminary Response to Petition for Writ of Habeas Corpus. Magistrate Judge Boland found Respondent's Preliminary Response less than thorough and instructed Respondent to file a Second Preliminary Response. Respondent filed a Supplemental Preliminary Response on August 10, 2009. Rather than filing a Reply to either the Preliminary Response or to the Supplemental Preliminary Response, Mr. McArthur filed an Objection to Magistrate Judge Boland's Order directing Respondent to file a Second Preliminary Response.

The Court must construe liberally the pleadings filed by Mr. McArthur because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

The Court first will address Mr. McArthur's Objection to Magistrate Judge Boland's July 27, 2009, Order instructing Respondent to file a Second Preliminary Response. Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Mr. McArthur argues in his Objection that Respondent should not have been given the opportunity to rebrief the issue of exhaustion of administrative remedies and that the Court should have ruled on what Respondent had provided to the court in the original Preliminary Response. (Aug. 3, 2009, Obj. at 2.) Mr. McArthur further argues that the issues should have been deemed abandoned.

Prior to seeking relief under 28 U.S.C. § 2241, federal prisoners must exhaust administrative remedies. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). Mr. McArthur concedes he has failed to exhaust his administrative remedies, and Respondent did not waive the affirmative defense of exhaustion of administrative remedies. "[A] court may raise the defense of nonexhaustion *sua sponte*." *Odum v. Boone*, 62 F.3d 327, 332 n. 2 (10th Cir. 1995). Magistrate Judge Boland's instruction to Respondent to file a Second Preliminary Response was not inappropriate and did not provide Respondent the opportunity to have a "second bite at the apple," as Mr.

2

McArthur suggests. Mr. McArthur was provided with the opportunity to file a Reply to both the original Preliminary Response and to the Supplemental Preliminary Response. It is clear that Magistrate Judge Boland's intention was to have all pertinent facts before the Court prior to the Court determining whether or not the futility exception to the exhaustion requirement should be allowed in this case. The additional information sought by the Court, contrary to Mr. McArthur's arguments, was requested so that any ruling by this Court would be fair to both Mr. McArthur and to Respondent. The Court, therefore, finds Magistrate Judge Boland's July 27, 2009, Order is neither clearly erroneous nor contrary to law.

In the Application, Mr. McArthur claims that prison officials at the FPC categorically are denying the review and transfer of eligible inmates to a Community Corrections Center (CCC) in violation of 18 U.S.C. § 3621(b). According to Mr. McArthur, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. Mr. McArthur alleges that he has sought and has been denied consideration for a transfer to a CCC.

Mr. McArthur also claims that prison officials at the FPC categorically are denying eligible pre-release inmates more than six months in a Residential Re-entry Center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. McArthur describes a "pre-release inmate" as an inmate with twelve months or less of his sentence remaining to be served. Mr. McArthur contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months. Finally, Mr. McArthur asserts that inmates who graduate from the Residential Drug Abuse Program

(RDAP) at FPC have received no more than a six-month placement at an RRC in violation of the Second Chance Act of 2007.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. As stated above, exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **Williams**, 792 F.2d at 987. The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. McArthur. **See** 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. **See** 28 C.F.R. §§ 542.13–542.15.

Respondent contends that contrary to Mr. McArthur's arguments, the BOP does not categorically deny an inmate placement in an RRC. (Prelim. Resp. at 3.) Respondent further asserts that Mr. McArthur does not allege he is eligible for pre-release placement in either a CCC or an RRC. (Prelim. Resp. at 1.) Respondent also asserts that Mr. McArthur had a program review on July 23, 2009, at which time he did not request an RRC placement, and that he will have another program review in July 2010 at which time he may request an RRC placement. (Supp. Prelim. Resp. at 3.)

Mr. McArthur argues that exhaustion of administrative remedies would be futile because the BOP, through official policies and procedures, has predetermined the

4

issues to be raised in the administrative proceedings. Mr. McArthur is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. McArthur fails to convince the Court that exhaustion of administrative remedies would be futile based on his argument that the BOP has predetermined the issues he is raising.

Mr. McArthur also asserts that the BOP is following regulations that previously were invalidated by a decision of the United States Court of Appeals for the Tenth Circuit. *See Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007). To the extent the futility argument is premised on the Tenth Circuit's decision in *Wedelstedt*, the argument lacks merit because the BOP has adopted new regulations. *See* 73 Fed. Reg. 62,440–43 (Oct. 21, 2008) (publishing interim rule that implements provisions of the Second Chance Act of 2007 and amends 28 C.F.R. §§ 570.20–570-22).

In support of his futility argument, Mr. McArthur also refers to two BOP memoranda, in his Notice of Motion for the Court, Document # 4. Respondent has attached copies of the memoranda to the Supplemental Preliminary Response in Exhibit A-1. Both memoranda are addressed to chief executive officers and are signed by two BOP officials, the assistant director of the Correctional Programs Division and the assistant director/general counsel. Mr. McArthur apparently believes that both memoranda support his contention that the BOP has predetermined the issues he is raising.

The first memorandum, dated November 14, 2008, relates to inmate requests for transfers to CCCs, which, according to a footnote in the November 14 memorandum, are synonymous with RRCs. (Prelim. Resp., Ex. A-1 at 12.) The November 14 "memorandum provides guidance to [BOP] staff for considering and responding to inmate requests for transfer to [ ] RRCs, when more than 12-months remain from their projected release date" and states that "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence." (Preliminary Resp., Ex. A-1 at 12.) The November 14 memorandum further states that "inmate requests for RRC placements must receive individualized consideration." (Ex. A-1 at 12-13.)

The second memorandum in Respondent's Exhibit A-1, dated April 14, 2008, relates to pre-release RRC placements following the Second Chance Act of 2007. The April 14 memorandum recognizes that the maximum pre-release RRC placement is twelve months. While the April 14 memorandum also states that "Bureau experience reflects inmates' prerelease RRC needs can usually be accommodated by a placement of six months or less" (Ex. A-1. at 18), nothing in the April 14 memorandum restricts pre-release RRC placements to a maximum of six months.

Contrary to Mr. McArthur's belief, these two memoranda do not preclude the relief he seeks from the BOP. In fact, these two memoranda support Mr. McArthur's arguments that inmates are eligible to be transferred to an RRC at any time and that the maximum length of a pre-release placement in an RRC is twelve months. Mr. McArthur does not identify any official BOP policies that contradict these two memoranda. Mr. McArthur's reliance on the memoranda for his futility argument, therefore, lacks merit.

Even if prison officials at FPC categorically are denying RRC placements for inmates with more than twelve months remaining on their sentences and RRC placements for no longer than six months, Mr. McArthur's argument does not support a conclusion that exhaustion of administrative remedies would be futile. Mr. McArthur is able to appeal any institution decision to both the regional and to the national BOP offices.

Mr. McArthur argues that exhaustion is futile because he will not be able to be placed at an RRC for a full twelve months under pre-release conditions. In accordance with the memorandum issued on April 14, 2008, (Ex. A-1), Mr. McArthur is able to apply for pre-release RRC placement seventeen to nineteen months prior to his projected release. Pursuant to the BOP website, Mr. McArthur is scheduled for release on August 14, 2011, a little less than two years from now. *See* Federal Bureau of Prisons Website, Inmate Locator. Mr. McArthur has sufficient time to request an RRC placement as a pre-release inmate and if denied exhaust his administrative remedies. Mr. McArthur may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Mr. McArthur also argues that exhaustion is futile because he will not serve any of his sentence at an RRC prior to the pre-release time frame of twelve months. The Court notes that Mr. McArthur was in the midst of exhausting his grievance regarding the denial of his RRC placement when he filed the instant action. (Supp. Prelim. Resp. at 3 and Ex. A-1 at 10.) Nonetheless, he appears to have abandoned his appeal to the national level, when he elected to file the instant action with this Court. Again, Mr. McArthur may not exhaust his administrative remedies simply by failing to employ them.

7

In conclusion, the Court finds that Mr. Woodruff fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason. Nothing in the Court's file indicates that Mr. Woodruff (1) will not be considered for a transfer to an RRC at the time of his next program review; (2) will not be considered for pre-release placement in an RRC for up to twelve months; or (3) will not be considered for a sentence reduction in conjunction with a maximum RRC placement if and when he graduates from RDAP. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the "Objections to Order to File Second Preliminary Response" is construed as filed pursuant to 28 U.S.C. § 636(b)(1)(A) and is overruled. It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 20 day of Oct , 2009.

BY THE COURT:

Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01315-BNB

Randy Kay McArthur
Reg. No. 11568-081
FPC – Florence
PO Box 5000
Florence, CO 81226

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/21/09

                                      GREGORY C. LANGHAM, CLERK

                                      By: _____
                                                Deputy Clerk